IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NIKOLAS ALEXANDRIDIS,
KHALID (DAVID) EL SHERIFF,

    Plaintiffs,

v.                                                        CIV 12-0373 JB/KBM

LEE VAUGHN, ET AL.,

    Defendants.

# PROPOSED FINDINGS AND RECOMMENDATIONS ON TWO PENDING MOTIONS

    In this prisoner civil rights matter, a summons has not yet issued because the Court ordered each Plaintiff to "submit a fully completed IFP [in forma pauperis] motion, a certified copy of a prisoner trust fund statement for the 6-month period immediately preceding this filing, and a completed Initial Financial Certificate." *Doc. 5.* If Plaintiffs properly comply, then the Court will screen their complaint to dismiss any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune to such relief. *See* 28 U.S.C. § 1915A. The Court is separately considering Plaintiffs' responses in this regard.

    Plaintiffs have also filed two other motions that sound in the nature of requests for emergency injunctive relief. They assert that Plaintiff Alexandridis informed a Cibola County Corrections official that members of its staff were condoning cheating by inmates on tests in the GED program. The motion alleges that thereafter Plaintiff El Sheriff was harassed, and that the

Unit 800 manager denied their request to be moved to that unit so they could more easily observe the Jewish Passover holiday with yet another Jewish inmate who resided there.

The motions also assert that a month before they instituted this lawsuit, Plaintiff El Sheriff allegedly was attacked by inmates who incorrectly suspected that it was El Sheriff who had reported the cheating. The motion raises possible collusion by officers in allowing the beating to continue without intervention. Plaintiff El Sheriff voluntarily "check[ed] himself in the SHU to protect" the more vulnerable Plaintiff Alexandridis. *See* Doc. 10 at 2-3. Plaintiff El Sheriff posits that he will either be transferred to another facility or be required to serve the remaining fifteen months of his sentence there. *See Doc. 11* at 1.

Plaintiffs ask the Court to grant them "unhindered access and communication [through] the law librarian and staff member . . Nelson," and, if Plaintiff El Sheriff is transferred to another prison, "free and unhindered access and communication via mail" with their correspondence classified as "legal and confidential." *Doc. 11* at 1. In their request for an emergency hearing, they also ask the Court to "order their immediate transfers" to a federal facility. *Doc. 10* at 1, 4 (echoing the same demand they made in their original complaint, *see Doc. 1-1* at 13 ("Plaintiffs are seeking immediate transfer for fear of retaliation")). They further ask the Court to: (a) allow them to amend their complaint to add another defendant; (b) convene a grant jury and have it award them damages and injunctive relief; (c) grant them damages; and (d) order the prison administration to change its tolerant attitude toward physical and psychological risks to inmates by ordering the entire staff to take communication, anger management, and religious sensitivity classes and to undergo psychological evaluations to determine their suitability for prison work.

> To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the

> injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest. *Greater Yellowstone Coal. v. Flowers,* 321 F.3d 1250, 1255 (10th Cir. 2003) (quotation and citation omitted). In general, "a preliminary injunction is an extraordinary remedy; it is the exception rather than the rule." *GTE Corp. v. Williams,* 731 F.2d 676, 678 (10th Cir.1984). Moreover, when a preliminary injunction would alter the status quo, such as the injunction at issue in this case, the movant bears a heightened burden and "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." *O Centro Espirita Beneficente Uniao Do Vegetal v. Ashcroft,* 389 F.3d 973, 976 (10th Cir.2004) (en banc, per curiam), *aff'd,* 546 U.S. 418, 126 S. Ct. 1211, 163 L.Ed.2d 1017 (2006).

*General Motors Corp. v. Urban Gorilla, LLC,* 500 F.3d 1222, 1226 (10th Cir. 2007); *Pinson v. Pacheco*, 424 F. App'x 749, 753 (10th Cir. 2011) (same, context of prisoner seeking transfer).

Plaintiffs' allegations fail on the first prong, because this case has not reached the stage where it is appropriate for the Court to evaluate the merits of the allegations. *C.f. Allen v. Zavaras* 416 F. App'x 784, 785 (10th Cir. 2011) ("the district court's order denying the request for preliminary injunctive relief while the district court case was pending, has merged with the order dismissing the complaint, given that the complaint sought the same injunctive relief on a permanent basis").

Even assuming the first prong was met, Plaintiffs fail the second prong because to "constitute irreparable harm, an injury must be certain, great, actual and not theoretical. . . . Irreparable harm is not harm that is merely serious or substantial." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1188 (10th Cir. 2003) (internal quotations and citations omitted). Notwithstanding their separate housing locations, the two motions at issue are signed by both inmates, so their own pleadings indicate that they are able to communicate with regard to prosecuting this suit. *See Doc. 10* at 5; *Doc. 11* at 1. In any event, the Court has already apprised Plaintiffs that they cannot represent each other, and the cure materials are their separate

responsibilities.  *See Doc. 5* at 1.  Furthermore, Plaintiff El Sheriff voluntarily placed himself in segregation to be out of harm's way.

Failure of any of one of the four prongs is sufficient to deny the request, and Plaintiffs fail the first two.  In this prison context, the last two considerations intertwine –  Plaintiffs seek to upend the status quo concerning prison security measures concerning inmate placement and communication via mail.

> Because the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, . . . we have identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits.

*Schrier v. University Of Colo.,* 427 F.3d 1253, 1258-59 (10th Cir. 2005) (internal quotations and citations omitted).  Here, because Plaintiffs also seek "transfer to another facility and an investigation of the prison staff," granting their requested relief  "would alter the status quo rather than preserve it and, thus, constitutes specifically disfavored injunctive relief."  *Rocha v. Twilleger,* Civil Action No. 10–cv–00357–CMA–MEH, 2011 WL 4634198, at *2 (D. Colo. Sept. 9, 2011) (citing *Schrier*).

Wherefore,

IT IS HEREBY RECOMMENDED that Plaintiffs' factual allegations, additional Defendant, and demands for relief in Document 10 be considered a request to amend the complaint and should be considered by the Court at the appropriate posture of the case.  Insofar as Plaintiff's requests in these two documents can be construed as a request for emergency preliminary injunctive relief, it is recommended that the motions *(Doc. 10 & 11)* be denied.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE